**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5265**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

KENDALL WATKINS,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, Chief District Judge. (1:06-cr-00356-BEL-1)

Submitted: April 16, 2010    Decided: May 20, 2010

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roland Walker, ROLAND WALKER AND MARK ZAYON, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Bryan M. Giblin, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendall Watkins appeals his conviction, following a jury trial, for possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2006).

Prior to trial, Watkins filed a motion to suppress, arguing that Detective Earl Thompson, Jr., lacked a reasonably articulable suspicion to effectuate the traffic stop underlying the search of the vehicle in which Watkins was a passenger. This court reviews the district court's factual findings underlying the motion to suppress for clear error. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). We review de novo the district court's legal determinations, including the threshold issue of whether the Fourth Amendment applied in this case. United States v. Sullivan, 138 F.3d 126, 132 (4th Cir. 1998). Where, as here, the district court denied a motion to suppress, we review the evidence in the light most favorable to the Government. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

A seizure implicating the Fourth Amendment does not occur simply because a police officer approaches an individual and asks a few questions. United States v. Farrior, 535 F.3d 210, 218 (4th Cir. 2008); Florida v. Bostick, 501 U.S. 429, 434 (1991). Rather, such a seizure occurs when a police officer terminates or restrains a defendant's freedom of movement and,

2

in view of the totality of the circumstances surrounding the stop, a reasonable person would not feel free to leave or otherwise terminate the encounter. Brendlin v. California, 551 U.S. 249, 254 (2007); United States v. Lattimore, 87 F.3d 647, 653 (4th Cir. 1996) (en banc). So long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required. Farrior, 535 F.3d at 218.

When a police officer terminates or restrains a defendant's freedom of movement, the restraint must be by means of physical force or show of authority through intentionally applied means. Brendlin, 551 U.S. at 254. When a police officer's actions do not show an unambiguous intent to restrain, the Fourth Amendment does not apply. Id. at 255. Indeed, the encounter does not trigger Fourth Amendment scrutiny unless it loses its consensual nature. Terry v. Ohio, 392 U.S. 1, 19, n.16 (1968).

The uncontroverted record demonstrates that Thompson did nothing to stop the vehicle in which Watkins was traveling. Rather, congested traffic and normal traffic light activity stopped the vehicle. While the vehicle was stopped, Thompson approached the vehicle. Thompson did not manifest an unambiguous intent to restrain the vehicle, the driver, or Watkins. Nevertheless, the driver exited the vehicle on his own

3

accord and began an interaction with Thompson.  At this time, Thompson observed marijuana smoke emanating from the vehicle, providing probable cause for the ensuing seizure of contraband that formed the basis for Watkins' conviction.

Viewing this evidence in the light most favorable to the Government, we conclude that the district court correctly determined that the Fourth Amendment did not apply to the purported stop of the vehicle.  Thus, the district court properly denied Watkins' motion to suppress the evidence obtained as a result of the encounter.  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED